UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEANNINE KIRBY,

          Plaintiff,

      v.

GASAWAY DISTRIBUTORS, INC.,

          Defendant.

No. 24 CV 3999

Judge Georgia N. Alexakis

MEMORANDUM OPINION AND ORDER

Plaintiff Jeannine Kirby worked as a truck driver for defendant Gasaway Distributors, a company that specializes in distributing nonhazardous chemicals. Kirby was terminated after an incident where truck tires were damaged. Kirby sued under Title VII and the Illinois Human Rights Act, alleging that she was wrongfully terminated and subjected to workplace discrimination on the basis of her sex. Gasaway now moves to dismiss or, in the alternative, for summary judgment [24], arguing that Kirby's federal claims fail because her suit is untimely and Gasaway was not covered by Title VII during the relevant period.

For the reasons stated below, the Court construes Gasaway's motion [24] as a motion for summary judgment, grants it in part, and denies it in part.

## I.   Legal Standards

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014); Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence

is such that a reasonable jury could return a verdict for the nonmoving party."
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary
judgment has the burden of establishing that there is no genuine dispute as to any
material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). At summary
judgment, the Court views the record in the light most favorable to the nonmoving
party and draws all reasonable inferences in that party's favor. *See Anderson*, 477
U.S. at 255.

## II.    Background

Kirby began working as a truck driver for Gasaway on April 16, 2020. [46] ¶ 7.[1]
Kirby was the only woman truck driver at the company during this period. *Id.* ¶ 8.
On February 21, 2022, Kirby was assigned to a truck that had four tires that needed
replacing and which other drivers did not want to operate.[2] *Id.* ¶¶ 12–13. Kirby drove
the truck to a job location, where she noted "dangerous conditions" and informed her
supervisor of the situation. *Id.* ¶¶ 14–16. (Kirby does not explain what the conditions
were.)

The supervisor instructed Kirby to continue despite the dangerous conditions,
she proceeded and two of the truck's tires were cut by a piece of metal. *Id.* ¶¶ 17–18.
Kirby called her supervisor again and, on his instructions, called a mechanic, who
informed Kirby that the cut tires were "not a big deal" and that she should complete

---

[1] The Court cites to plaintiff's complaint solely for purposes of providing some degree of
factual context for the parties' dispute, not because it accepts plaintiff's allegations as true
for the purpose of summary judgment.

[2] The amended complaint states the assignment was made on February 21, 2020, but Kirby
indicates that this was a typographical error in her Local Rule 56.1 statement. [40] ¶ 2.

the job. *Id.* ¶¶ 19–23. After finishing, the supervisor instructed Kirby to get four of the truck's tires replaced—including two that had not been cut—before returning to Gasaway. *Id.* ¶¶ 24–27.

After returning, Kirby spoke to Gasaway's owner, David Gasaway, by phone. Id. ¶ 30. David screamed at Kirby and told her she would be fired if she did not pay for the new tires. *Id.* ¶¶ 30–31. Kirby did not pay and was told to go home. *Id.* ¶¶ 32–33. Kirby was told by her supervisor that David would "reach out" to her, but he never did. *Id.* ¶¶ 33–37. Kirby was later terminated. *Id.* ¶ 45. Kirby alleges that male truck drivers at Gasaway who caused similar damage to trucks were not screamed at or terminated if they did not pay for the damage. *Id.* ¶ 38.

On May 2, 2022, Kirby filed a timely employment discrimination charge with the federal Equal Employment Opportunity Commission ("EEOC"). [46] ¶ 5. The EEOC issued its determination on October 18, 2023. [30-2] at 2. Kirby did not file her complaint until May 15, 2024, almost seven months later. [1]. According to email correspondence that Kirby attaches to her response memorandum, this delay was the fault of the EEOC because the agency did not actually send Kirby her right-to-sue letter until May 6, 2024. [35-1].

## III. Analysis

Because both Gasaway and Kirby wish the Court to consider evidence extrinsic to the operative complaint, the Court treats Gasaway's motion—with Gasaway's assent—as a motion for summary judgment. *See* [24] ¶¶ 8, 11; [35] at 1; *see also* Fed. R. Civ. P. 12(d); *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir.

3

2001) ("[O]nce the district court actually considers additional documents, the motion must be treated as one for summary judgment.").[3]

Kirby concedes that her state-law claims should be dismissed. *See* [35] at 1. Gasaway asks for dismissal with prejudice, *see* [47] at 3, but makes no argument and presents no authority for why that would be appropriate. Because of the early stage of the litigation and because the Court has not considered the state-law merits, the Court dismisses the state-law claims without prejudice.

Gasaway makes two arguments for dismissal of the remaining Title VII claims, and the Court addresses each in turn.

### A. Timeliness of Complaint

Gasaway first argues that Kirby's complaint is untimely and should be dismissed on that basis. [30] at 6–7. This is because, according to Gasaway, Kirby "inexplicably waited seven months after the Right to Sue Letter issued before actually filing the Complaint." [24] ¶ 7. It is true that Title VII requires plaintiffs to sue within 90 days of the EEOC's charge determination. *See* 42 U.S.C.A. § 2000e-5(f)(1). And it is also true that Kirby's complaint was filed seven months after the EEOC determination. But that 90-day period begins to run when the plaintiff receives actual

---

[3] The Court disagrees with defendant's characterization of its motion as, first and foremost, a motion brought under Rule 12(b)(1) for lack of subject matter jurisdiction. [24] ¶ 6. Title VII's 15-employee threshold is not a jurisdictional barrier. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006). *See also Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 869 (7th Cir. 2011) ("The Supreme Court has held that the … question whether an employer has enough employees to be subject to Title VII is a matter for the merits rather than a requirement for subject matter jurisdiction.") (citing *Arbaugh*); *Lasarge v. Fastex Logistics, Inc.*, No. 23 C 14836, 2024 WL 3011359, at *1 (N.D. Ill. June 14, 2024) (same); *Claussen v. Muchowski*, No. 21 CV 05316, 2022 WL 4465931, at *3 (N.D. Ill. Sept. 26, 2022) (same).

notice of her right to sue. *See Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021). And the wait here is not inexplicable: Kirby has presented evidence (the admissibility of which Gasaway does not contest) that the EEOC did not send her right-to-sue letter until May 6, 2024. [35] at 4; [35-1].

Gasaway does not respond to Kirby's argument that she did not have actual notice until May 6, 2024, nor does it challenge the evidence she relies on to support that argument. *See* [46] ¶¶ 6–9. Based on the record before it, the Court therefore has no basis to grant Gasaway's motion on the basis of timeliness

### B. Title VII Coverage

Gasaway offers a second argument for summary judgment: that Title VII did not apply to it because "there is no question of fact that [Gasaway] lacked sufficient employees to qualify as an employer as defined by Title VII." [30] at 17. As Gasaway correctly notes, Title VII only applies to employers who have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 204 (1997) (quoting 42 U.S.C. § 2000e(b)). If Gasaway was not an "employer" for the purpose of Title VII, Kirby would have no Title VII claim.

But to establish that "there is no question of fact" Gasaway relies on the declaration of owner David.[4] [28] ¶ 3; [30-1]. That declaration states that for calendar years 2020 through 2023 Gasaway never employed more than six individuals concurrently. [30-1] ¶¶ 3–6. Kirby disputes David's declaration with her own, which names 18 individuals that Kirby says worked at Gasaway during the relevant period. [41] ¶ 3; [40-3] ¶ 1. Gasaway in turn presents a second declaration from David denying Gasaway employed several of those individuals. [46] ¶ 4; [46-1].

Gasaway argues that summary judgment is appropriate because Kirby's declaration is "without *facts* that controvert [Gasaway's] actual payroll." [47] at 3. But Gasaway does not rely on "actual payroll"; Gasway instead presents two declarations with a combined 27 paragraphs, both from the same declarant. [30-1]; [46-1]. It is well established that the Court cannot make credibility determinations or weigh conflicting evidence at summary judgment, *see Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), so these conflicting declarations create a quintessential dispute of material fact.

Because the Court cannot weigh the conflicting evidence on the number of Gasaway employees, there is a genuine dispute of material fact regarding whether

---

[4] Gasaway also includes screenshots from a website called "Rocket Reach" which indicate that, according to the website, Gasaway had just two employees in July 2024, a period irrelevant to determining Title VII coverage. [30] at 9–10; [30-3]. According to Gasaway, these screenshots stem from a Google search of "gasaway distributors inc. number of employees." [30] at 9. But the Court agrees with Kirby that "a citation to some random website cannot be treated as an uncontested fact." [35] at 5. *See also* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). The Court therefore does not consider these screenshots dispositive or even relevant to the instant motion.

Gasaway was covered by Title VII at the time Kirby was terminated, and summary judgment on that issue would be inappropriate.

## IV.   Conclusion

For the foregoing reasons, Gasaway's motion for summary judgment [24] is denied. The parties are directed to appear for a status hearing on 7/22/25 at 9:30 a.m. to discuss next steps in the litigation, including the possibility of settlement.

_____
Georgia N. Alexakis
United States District Judge

Date: 5/20/25